## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF MISSOURI
## NORTHERN DIVISION

| | | |
|---|---|---|
| **B.A., as Parent and Next Friend of** | ) | |
| **Jane Doe, a Minor** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **vs.** | ) | **Case No.** |
| | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| **BRUCE NORMILE JUVENILE JUSTICE** | ) | |
| **CENTER** | ) | |
| **Serve:** | ) | |
| **Patrick Williams** | ) | |
| **Adair County Juvenile Office** | ) | |
| **1400 South Boundary Street** | ) | |
| **Kirksville, MO    63501** | ) | |
| | ) | |
| **ADAIR COUNTY, MISSOURI** | ) | |
| **Serve:** | ) | |
| **Sandy Collop, Adair County Clerk** | ) | |
| **Adair County Commissioners Office** | ) | |
| **106 West Washington St.** | ) | |
| **Kirksville, MO 63501** | ) | |
| | ) | |
| **JEFF HALL, Chief Juvenile Officer** | ) | |
| **Adair County Juvenile Office** | ) | |
| **1400 South Boundary Street** | ) | |
| **Kirksville, MO 63501** | ) | |
| | ) | |
| **GARLA MILLS, Director of Residential** | ) | |
| **Services** | ) | |
| **Adair County Juvenile Office** | ) | |
| **1400 South Boundary Street** | ) | |
| **Kirksville, MO 63501** | ) | |
| | ) | |
| **CHRISTOPHER WRIGHT, Facility Counselor** | ) | |
| **1511 S. Downing Street** | ) | |
| **Kirksville, Missouri 63501** | ) | |
| | ) | |
| **RHONDA HARGADINE, Facility Counselor** | ) | |
| **Adair County Juvenile Office** | ) | |
| **1400 South Boundary Street** | ) | |

| | |
|---|---|
| **Kirksville, MO 63501** | ) |
| | ) |
| **PATRICK WILLIAMS, Administrator** | ) |
| **Adair County Juvenile Office** | ) |
| **1400 South Boundary Street** | ) |
| **Kirksville, MO 63501** | ) |
| | ) |
| **MISTY GOINGS, Administrator** | ) |
| **Adair County Juvenile Office** | ) |
| **1400 South Boundary Street** | ) |
| **Kirksville, MO 63501** | |

## COMPLAINT FOR DAMAGES

COMES NOW, Plaintiff B.A. as Parent and Next Friend of Jane Doe a Minor, and by and through the undersigned counsel, states and alleges as follows for her Complaint for Damages against the above named Defendants:

## INTRODUCTION

1.      Minor Jane Doe, while a resident at the Bruce Normile Juvenile Justice Center was sexually assaulted/raped by Facility Counselor Christopher Wright in June of 2015. As a result of the sexual assault/rape, and Defendants' response to Minor Jane Doe's reporting of the sexual assault/rape, Jane Doe has experienced physical and emotional injury.

2.      Plaintiff seeks compensatory and punitive damages against Defendants.

## PARTIES

3.      Plaintiff Jane Doe is a minor resident of Missouri. She was at all times relevant herein, a resident at the Bruce Normile Juvenile Justice Center in its residential treatment facility.

4.      B.A. is the natural parent and Next Friend of Jane Doe.

5.      B.A. is an adult resident of the State of Missouri and Parent of Jane Doe. As

such, she is the appropriate party to be appointed by the Court as Next Friend of Jane Doe for the purpose of pursuing the alleged causes of action against defendants.

6.      Defendant Bruce Normile Juvenile Justice Center is a place of public accommodation existing in and organized under the laws of the State of Missouri. More specifically, it is a residential treatment and secure detainment center located in

2

Kirksville, Missouri. The residential treatment center offers treatment and education to youth residents.

7.      Defendant Adair County owns the Bruce Normile Juvenile Justice Center. Adair County tasks the 2nd Judicial Circuit within Adair County with administering the facility

8.      Upon information and belief, Defendant Jeff Hall is a Missouri resident.

9.      At all times relevant herein, Defendant Hall was the Chief Juvenile Officer and was responsible for the supervision and management of the residential treatment unit as well as the detention center. He acted both individually and within the course and scope of his employment/agency with Defendant Adair County and/or Bruce Normile Juvenile Justice Center.

10.      Upon information and belief Defendant Garla Mills is a Missouri resident.

11.      At all times relevant herein, Defendant Mills was the Director of Residential Services and was responsible for the supervision and management of the residential treatment unit. She acted both individually and within the course and scope of her employment/agency with Defendant Adair County and/or Bruce Normile Juvenile Justice Center.

12.      Upon information and belief, Defendant Christopher Wright is a Missouri resident.

13.      At all relevant times herein, Defendant Wright was a facility counselor and responsible for the supervision, oversight, and wellbeing of facility residents, including Jane Doe. He acted both individually and within the scope of his employment/agency with Defendant Adair County and/or Bruce Normile Juvenile Justice Center.

14.      Upon information and belief, Defendant Rhonda Hargadine is a Missouri resident.

15.      At all times relevant herein, Defendant Hargadine was a facility counselor and responsible for the supervision, oversight, and wellbeing of facility residents, including Jane Doe. She acted both individually and within the scope of her employment/agency with Adair County and/or Bruce Normile Juvenile Justice Center.

16.      Upon information and belief, Defendant Patrick Williams is a Missouri

resident.

17.     At all times relevant herein, Defendant Williams, in his role as Administrator, was responsible for the general oversight, supervision and administration for all juvenile court services, including the Bruce Normile Juvenile Justice Center's residential treatment program.  He acted both individually and within the scope of his employment/agency with Adair County and/or Bruce Normile Juvenile Justice Center.

18.     Upon information and belief, Defendant Misty Goings is a Missouri resident.

19.     At all times relevant herein, Defendant Goings in her role as Administrator was responsible for developing programs and services for the treatment unit and was responsible for placing children in the unit. She acted both individual and within the scope of her employment and agency with Adair County and/or Bruce Normile Juvenile Justice Center.

20.     At all times relevant here, the above named Defendants were acting within the course and scope of their employment with Defendant Adair County and/or Bruce Normile Juvenile Justice Center, and/or their actions were expressly authorized and/or ratified by Defendant Adair County and/or Bruce Normile Juvenile Justice Center.

## **JURISDICTION AND VENUE**

21.     This Court has subject matter jurisdiction pursuant to 28 U.S.C. §1331 as the

matter involves a question of federal law.

22.     The Court has supplemental jurisdiction over the state law claims pursuant to 28 U.S.C. §1367.

23.     Jurisdiction is proper over Defendants as they provide services in Missouri to residents of the State. Moreover, the individual Defendants are employed in the State of Missouri and the acts or omissions alleged herein occurred in the State of Missouri.

24.     Venue is proper in this Court as the alleged acts, omissions and occurrences giving rise to the claims asserted occurred in Adair County/Kirksville, Missouri.

## CONDITION PRECEDENT

25.     B.A. on behalf of minor Jane Doe, timely filed a Charge of Discrimination with the Missouri Commission on Human Rights. *A copy of the charge is attached hereto as Exhibit A and incorporated by reference.*

26.     Plaintiff thereafter received her Notice of Right to Sue issued by the Missouri Commission on Human Rights permitting her to assert a claim in violation of the Missouri Human Rights Act. *A true and accurate copy of the Notice is attached hereto as Exhibit B and incorporated herein by reference.*

27.     This action is timely filed with the Court and Plaintiff has met all conditions precedent to the filing of this action.

## FACTUAL ALLEGATIONS

28.     At all times relevant herein, Jane Doe was a resident at the residential treatment facility at Bruce Normile Juvenile Justice Center.

29.     The Justice Center is owned and operated by Adair County, Missouri with the assistance of the 2nd Judicial Circuit of the State of Missouri.

30.     Bruce Normile Juvenile Justice Center is a place of public accommodation and is organized under the laws and regulations of the State of Missouri.

31.     Jane Doe entered the residential treatment facility in May of 2015. At the time of her treatment she was sixteen (16) years old. This was her second stay at the facility.

32.     At all times relevant herein, Defendant Wright and Defendant Hargadine were counselors at the Bruce Normile residential treatment facility and held a position of authority and control over Jane Doe, and owed a fiduciary duty to her.

33.     On or about June 2, 2015, Defendant Hargadine and Defendant Wright took Jane Doe and other residents from the treatment facility on a camp outing.

34.     The camp outing was an overnight trip and took place at Thousand Hills State Park.  Defendant Wright and Defendant Hargadine served as staff escorts for the outing.

35.     At some point that night, Defendant Hargadine left the camp site for several hours to go to the Bruce Normile Juvenile Justice Center to do laundry, leaving Defendant Wright as the only counselor/chaperone.

36.     Sometime after Defendant Hargadine left the campsite, Jane Doe got up in the middle of the night to use the outhouse facility.

37.     After Jane Doe left the outhouse facility she was thereafter sexually assaulted and raped by Defendant Wright on a picnic table.

38.     Defendant Wright told Jane Doe that if she reported the sexual assault/rape that he would make her life miserable, send her to "juvie" and make sure she never saw her family again.

39.     Defendant Wright also told Jane Doe that no one would believe her and that she would be the one to "get in trouble" if she reported the sexual assault/rape. Jane Doe felt threatened and did not feel safe at the facility or in the presence of Defendant Wright.

40.     Shortly thereafter, on or about June 21-22 2015, Jane Doe disclosed the sexual assault/rape to facility counselors.

41.     In response, counselors told Jane Doe she was making it up and that she should not say such things about Defendant Wright.

42.     Thereafter B.A. was contacted by the Bruce Normile facility and informed of the allegations made by Jane Doe. During the conversation, B.A. was told that they doubted the allegations were true and believed Jane Doe had made up the allegations.

43.     Based on information and belief, at the time of the initial report no employee of Defendant Adair County or Defendant Bruce Normile made the appropriate and mandated reports to the proper authorities.

44.     Subsequent to this reporting to B.A. by the Bruce Normile facility, Jane Doe disclosed the sexual assault/rape to a health care provider. Thereafter a hotline call was placed to the Department of Social Services.

45.     Following an investigation by the Department of Social Services, the Department concluded that the findings of their investigation substantiated Jane Doe's allegations of sexual assault/rape.

46.     Moreover, the Department of Social Services found that there at had been three other complaints against Defendant Wright that involved inappropriate conduct that was sexual in nature.

47.     Jane Doe, at the time of the occurrences was a sixteen (16) year old minor and was intimidated, frightened and otherwise manipulated by Defendant Wright.

48.     As a resident at the Bruce Normile facility, Jane Doe was a subjected to the authority, supervision and control of Defendant Wright.

49.     As a resident at the Bruce Normile facility, Jane Doe was subjected to the policies, procedures, and programs created and implemented by Defendants Hall, Mills, Williams and Goings, including having to attend an offsite overnight trip with Defendant Wright.

50.     As a resident at the Bruce Normile facility, Jane Doe was subjected to the policies and procedures created and implemented by Defendants Hall, Mills, Williams and Goings, including being left under the sole supervision of Defendant Wright.

51.     At all times relevant herein, Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, as well as Defendants Hall, Mills, Williams and Goings, knew or should have known of the previous complaints involving Defendant Wright.

52.     Based on information and belief, Defendants Adair County, Defendant Bruce Normile Juvenile Justice Center, as well as Defendant Hall, Mills, Williams, and Goings failed to take adequate remedial measures in response to complaints regarding Defendant Wright's contact and conduct with other female residents and/or employees.

53.     At all times relevant herein, Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center as well as Defendants Hall, Mills, Williams, Goings and Hargadine knew or should have known of the substantial risk of harm to Jane Doe and other female residents if left with only a male counselor as a chaperon while off site on a camping trip.

54.     At all times relevant herein, Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center as well as Defendants Hall, Mills, Williams and Goings failed to adequately monitor Defendant Wright's conduct to ensure that he did not place himself in situations where he would have the opportunity to engage in inappropriate contact with female residents such as Jane Doe.

55.     Since the sexual assault/rape and subsequent treatment Jane Doe

7

experienced from employees of Adair County and/or the Bruce Normile facility, Jane Doe has experienced and will continue to experience anger, sadness, withdraw from loved ones, and fear.

56.     As a result of the sexual assault/rape and treatment Jane Doe experienced thereafter, Jane Doe has suffered emotional distress in the form of anxiety, fear, depression, humiliation and other manifestations, including physical manifestations.

57.     As a resident at the Bruce Normile Juvenile Justice Center, Jane Doe was entitled to a fiduciary duty from each person who held a position of power, control, and/or authority over her.

58.     Defendants had a fiduciary duty to the residents of the Bruce Normile Juvenile Justice Center, and specifically to Jane Doe, to protect her from sexual assault or other injury while in their custody, control and care as a resident at the Bruce Normile Juvenile Justice Center.

59.     Defendant Adair County as owner of the Bruce Normile Juvenile Justice Facility owed a fiduciary duty to Jane Doe.

60.     Defendant Bruce Normile Juvenile Justice Center as a place of public accommodation owed a fiduciary duty to Jane Doe.

61.     Defendant Hall as the Chief Juvenile Officer and individual responsible for the supervision and management of the residential treatment unit, as well as the detention center, owed a fiduciary duty to Jane Doe.

62.     Defendant Mills as the Director of Residential Services and individual responsible for the supervision and management of the residential treatment unit owed a fiduciary duty to Jane Doe.

63.     Defendant Wright as a facility counselor and individual responsible for the supervision, oversight, and wellbeing of facility residents, owed a fiduciary duty to Jane Doe.

64.     Defendant Hargadine as a faculty counselor and individual responsible for the supervision, oversight, and wellbeing of facility residents, owed a fiduciary duty to Jane Doe.

65.     Defendant Williams, in his role as Administrator, and individual responsible for the general oversight, supervision and administration for all juvenile

court services, including the Bruce Normile Juvenile Justice Center's residential treatment program owed a duty to Jane Doe.

66.      Defendant Goings in her role as administrator and as the individual responsible for developing programs and services for the treatment unit, and placing children in the unit, owed a fiduciary duty to Jane Doe.

67.      Despite Defendants' actual and/or constructive knowledge of an ongoing pattern of abuse/inappropriate conduct by Defendant Wright failed to properly train and supervise its employees and agents with regard to its own policies on reporting, investigating, recognizing, and preventing sexual abuse.

68.      As a result of Defendants' conduct alleged herein, Jane Doe has suffered emotional and physical injury.

69.      At all times mentioned herein, the above referenced individuals were agents, employees, and servants of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and were at all times acting within the course and scope of their employment and/or their actions were expressly authorized by Defendant entities thus making the Defendant entities liable under the doctrine of respondeat superior.

## COUNT I
## Fourteenth Amendment, 42 U.S.C. §1983
## (Against All Defendants)

70.      Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

71.      The above described conduct by Defendants violated the rights of Jane Doe to equal protection of the laws on the basis of gender as guaranteed by the Fourteenth Amendment of the Constitution of the United States and §1983 of Title 42 of the United States Code.

72.      Defendants intentionally deprived Jane Doe of the full and equal benefits of the law and the right to be secure in her person and free from physical harm, because of her gender.

73.      The actions and conduct of the above described perpetrators as set forth herein created a hostile, offensive and intimidating environment and detrimentally affected Jane Doe.

74.     The actions and conduct by the above described perpetrators as set forth herein was severe and pervasive and based on Jane Doe's gender and constituted discrimination based on her gender.

75.     The gender discrimination suffered by Jane Doe is the result of a custom, practice, or policy of Defendants that ignores or otherwise fails to address complaints of gender discrimination and harassment, and ignores or otherwise fails to prevent gender discrimination and harassment.

76.     The actions of the above described perpetrators as set forth herein would have detrimentally affected a reasonable person of the same gender in Jane Doe's position.

77.     Despite having knowledge of such deprivation on the basis of Jane Doe's gender, Defendants failed to take corrective measures.

78.     Defendants are liable for the actions taken against Jane Doe because of the complained of conduct, customs and/or policies which deprived Jane Doe of her right to be free from discrimination, were created, implemented, approved, actively endorsed, and/or ratified by Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center, and individual Defendants who had policy making authority for the facility and were responsible for implementing such customs and policies.

79.     Defendants Hall, Mills, Wright, Williams, Goings, and Hargadine, were acting under the color of state statute, ordinance, regulation, custom, policy or usage.

80.     As a direct result of Defendants' conduct, Jane Doe has suffered damages including emotional distress.

81.     Defendants acted with an evil motive or reckless or callous indifference to the rights of Jane Doe in handling complaints and failing to prevent or prohibit the complained of conduct, thereby entitling Jane Doe to an award of punitive damages in an amount that will punish Defendants and deter them and others from like conduct.

WHEREFORE, Jane Doe seeks judgment in her favor and against Defendants on Count I of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, for her attorneys' fees, together with costs of suit and for such equitable and further relief as this Court deems just and proper.

## COUNT II
### 42 U.S.C. §1983 – State Created Danger
### (Against Defendant Adair County, Bruce Normile Juvenile Justice Center and Defendants Hall, Williams, Goings, and Mills)

82.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

83.    Because Missouri has chosen to provide an educational and residential treatment services to its children, Jane Doe has a constitutional property right to a free public education protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

84.    Jane Doe also has a Constitutional right to personal security, bodily integrity, due process and to be secure and to be left alone, all protected by the Due Process Clause of the Fourteenth Amendment to the United States Constitution.

85.    Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendants Hall, Williams, Goings and Mills, acting both in their capacity as agents of the County and/or facility and individually at all times referenced in this Complaint, were acting under the color of state law.

86.    At the time of their actions, Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center and Defendants Hall, Williams, Goings and Mills, knew or should have known that inappropriate conduct, sexual in nature, existed within the facility.

87.    At the time of their actions, Defendants had actual and/or constructive knowledge of abuse of the kind suffered by Jane Doe at the hands of Defendant Wright, who was under Defendants' custody and control, and that the abuse was depriving Jane Doe of her right to an education, her right to bodily integrity, and to her right to personal security.

88.    At the time of their actions, the County, facility and Defendants Hall, Williams, Goings and Mills, knew which or should have known which counselor was committing abuse and it was readily foreseeable that the abuse would continue into the future and result in the deprivation of Jane Doe's Constitutional rights to an education, to personal security, to bodily integrity, and to be secure and left alone.

89.     Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendants Hall, Williams, Goings and Mils enhanced the danger to Jane Doe and rendered her more vulnerable to the deprivation of her rights to an education, to personal security, to bodily integrity, and to be secure and left alone through numerous affirmative acts, including but not limited to:

   a. Affirmatively responding to reports of abuse/inappropriate conduct with disbelief and/or inaction;

   b. Affirmatively responding to reports of abuse/inappropriate conduct by taking steps with the goal of protecting the County, facility and Defendant Wright rather than investigating the truth of the complaints;

   c. Affirmatively continuing to allow Defendant Wright unsupervised access to minors;

   d. Affirmatively committing other acts and omissions as yet undiscovered by Plaintiff.

90.     Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendants Hall, Williams, Mills and Goings committed these affirmative acts with a deliberate indifference to and reckless and willful disregard for Jane Doe's constitutional rights. These affirmative acts increased the danger to Jane Doe and led to her injuries in that they:

   a. Left Jane Doe at the mercy of Defendant Wright;

   b. Encouraged further and ongoing abuse by sending the message to Defendant Wright that they tacitly approved of the abuse and would not interfere in any way; and

   c. Caused, increased and accelerated Jane Doe's emotional distress and despair.

91.     These affirmative acts by Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center and Defendants Hall, Williams, Goings and Mills, taken as a whole and in the context of known abuse, increased the danger to Jane Doe and amount to egregious and outrageous behavior.

92.     Jane Doe has incurred emotional distress and anguish as a direct and proximate cause of Defendants' actions.

12

93.     By reason of the foregoing, Jane Doe has been damaged and is entitled to fair and reasonable compensation.

94.     Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Jane Doe and others, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor on Count II of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, for her attorneys' fees, and for such equitable and further relief as this Court deems just and proper.

## COUNT III
### Supervisor Liability for Participation in and Encouragement of Unconstitutional Misconduct by Subordinates (42 U.S.C. §1983) (Against Defendants Hall, Williams, Goings and Mills)

95.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

96.     Based on information and belief, at all times relevant herein, Defendant Williams, had supervisory authority over and responsibility for all employees, including supervisory position over Defendants Mills, Hall and Goings.

97.     Based on information and belief, at all times relevant herein, Defendants Williams and Goings had supervisory authority over all of the officers and directors at the Bruce Normile Juvenile Justice Center, including Defendants Hall and Mills.

98.     Based on information and belief, at all times relevant herein, Defendant Hall and Mills had supervisory authority over counselors and employees at the Bruce Normile Juvenile Justice Center, including Defendant Wright and Defendant Hargadine.

99.     At all times relevant herein, Defendants Hall, Williams, Goings and Mils were acting under the color of state law both in their individual and official capacities.

100.    Defendants Williams, Hall, Mills and Goings, knew or should have known that counselor Wright was unconstitutionally placing residents, including Jane Doe, in increased risk of severe, ongoing, and targeted abuse and of the resulting foreseeable deprivations of her constitutional rights to a public education, to personal security, to

bodily integrity, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

101.    Defendants Williams, Hall, Goings, and Mills knew or should have known that counselors and other employees at the Bruce Normile Juvenile Justice Center were placing students, including Jane Doe, in increased danger of severe, ongoing and targeted abuse and the resulting deprivation of her Constitutional rights to a public education, to bodily integrity, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the Constitution of the United States.

102.    By rejecting and refusing to follow written policy and refusing to intervene to prevent their subordinate's patterns of unconstitutional misconduct toward Jane Doe and other residents who were victims of abuse/harassment, administrator Defendants encouraged and participated in that conduct and demonstrated a deliberate indifference to or tacit authorization of their subordinate's offensive acts.

103.    As a direct result of their encouraging and participating in the unconstitutional misconduct of their subordinate, Defendants Hall, Williams, Goings and Mills caused Jane Doe to suffer deprivation of her rights to public education, personal security, bodily integrity, to be secure and left alone, and to substantive due process under the Fourteenth Amendment of the Constitution of the United States.

104.    Jane Doe has suffered physical and mental anguish as a direct and proximate result of Defendants' actions.

105.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Jane Doe and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants on Count III of the Complaint, for an award of compensatory damage, and for an award of punitive damages against Defendants, for costs expended, for her attorneys' fees and for such further and other relief as this Court deems just and proper.

<u>COUNT IV</u>
**Denial of Due Process through Failure
to Train and Supervise (42 U.S.C. § 1983)
(Against Defendant Adair County and Bruce Normile Juvenile Justice
Center)**

106.     Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

107.     While a counselor at Bruce Normile Juvenile Justice Center, Defendant Wright engaged in a consistent pattern of sexual abuse and/or inappropriate conduct and harassment of a sexual nature with female resident and/or employees.

108.     Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center had actual and/or constructive notice of the abuse being committed by Defendant Wright.

109.     Defendant Adair County and Defendant Bruce Normile had a written policy designed to prevent sexual abuse at its facility.

110.     The policy is entitled "Protection and Care of the Child" and includes specific language regarding the appropriate response to allegations of sexual abuse.

111.     The policy requires "The head of the agency shall forward the complaint to The Children's Division if the alleged victim is under the age of 18...".

112.     The policy requires that "Any such person shall immediately file a written complaint if that person has reasonable cause to believe that a consumer has been subjected to any of the following while under the care of an agency: 1) physical abuse; 2) sexual abuse...."

113.     The policy requires that "A department investigator shall gather facts and conduct an investigation regarding the alleged abuse or neglect. The investigation shall be conducted in accordance with the procedures and time frames established under the department's operating regulations. Upon completion of the investigation, the investigator shall present written findings of facts to the head of the supervising facility."

114.     The policy requires that "if the department substantiates that a person has perpetrated physical abuse, sexual abuse, verbal abuse, neglect or misuse of funds/property, the perpetrator shall not be employed by the department...."

115.     Despite Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center's actual and/or constructive knowledge of an ongoing pattern of

abuse/harassment, Defendants failed to properly train and supervise its employees and agents with regard to its own written policy on reporting, investigating, recognizing and preventing sexual abuse.

116.    As a result of Defendants' failure to train and supervise its employees and agents, Jane Doe was deprived of her rights to a free public education, to bodily integrity, to be secure and left alone, and to her right to substantive due process under the Fourteenth Amendment to the United States Constitution.

117.    Defendants' failure to train and supervise its employees and agents constituted a deliberate indifference to the deprivation of Jane Doe's rights to a public education, to personal security, to bodily integrity, to be secure and left alone, and to substantive due process under the Fourteenth Amendment to the United States Constitution.

118.    Jane Doe has suffered physical pain and mental anguish as a direct and proximate result of Defendant's actions.

119.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Jane Doe and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants on Count IV of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendant, for costs expended, for her attorneys' fees, and for such equitable and further relief as this Court deems just and proper.

### COUNT V
**Denial of Substantive Due Process through Policy, Custom and Practice of Failing to Respond to or Prevent Discrimination and Harassment (42 U.S.C. §1983) (Against Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center )**

120.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

121.    While a counselor at the Bruce Normile Juvenile Justice Center. defendant Wright engaged in a pattern of sexual abuse and/or harassment of female residents and employees.

122.    The Defendants had actual and/or constructive notice of the abuse being committed by Defendant Wright.

123.    By rejecting and refusing to follow its written policy and refusing to intervene to prevent or stop Defendant Wright's continuing pattern of unconstitutional misconduct toward Jane Doe and other residents who were victims of abuse and/or harassment, Defendants encouraged and participated in that conduct and demonstrated a deliberate indifference to and/or tacit approval of the offensive acts.

124.    By rejecting and refusing to follow its written policy, and refusing to intervene to prevent or stop defendant Wright's pattern of unconstitutional misconduct toward Jane Doe and other students who were victims of abuse/harassment, Defendants chose to engage in an official policy of inaction.

125.    The Defendants' custom and practice of inaction was a moving force and direct link to the abuse of Jane Doe.

126.    Based on information and belief, Defendants were aware of the abuse/harassment of residents by Defendant Wright, had the ability to control the situation and instead chose to do nothing to prevent or stop it.

127.    Jane Doe has suffered physical pain and mental anguish as a direct and proximate result of Defendants' actions.

128.    Defendants' conduct which caused this damage showed complete indifference to and/or conscious disregard for the health and safety of Jane Doe and others similarly situated, justifying the imposition of punitive damages.

WHEREFORE, Plaintiff seeks judgment in his favor and against Defendants on Count V of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, for her attorneys' fees and for such other equitable and further relief as this Court deems just and proper.

## COUNT VI
## Negligent Supervision
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendants Hall, Williams, Goings, Mills)

129.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

130.    As a resident at the Bruce Normile Juvenile Justice Center, Jane Doe was under the custody and control of Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center.

131.    Defendant Wright, the counselor who abused and sexually assaulted/raped Jane Doe, was the agent and employee of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center.

132.    At all times in which Jane Doe was a resident at the facility, Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center had a duty to possess and use the same degree of care ordinarily used by reasonable and/or careful county officials to properly supervise its employee and counselors, and to protect Jane Doe from foreseeable and unreasonable risks of harm posed by agents and employees of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center.

133.    As Administrator of the juvenile system, Defendant Williams had a duty to possess and use that degree of skill and care ordinarily used by a reasonable and/or careful Administrator to protect residents, including Jane Doe, from unreasonable risks of harm.

134.    As Chief Juvenile Officer, Defendant Hall, had a duty to use that degree of skill and care ordinarily used by a reasonable and/or Chief Juvenile Officer to protect residents, including Jane Doe, from unreasonable risks of harm.

135.    As Director of Residential Services, Defendant Mills, had a duty to use that degree of skill and care ordinarily used by a reasonable and/or careful Director of Residential Services to residents, including Jane Doe, from unreasonable risk of harm.

136.    As an Administrator of the juvenile facilities, Defendant Goings, had a duty to use that degree of skill and care ordinarily used by a reasonable and/or careful administrator and to protect students, including Jane Doe, from unreasonable risks of harm.

137.    At the time of and leading up to the misconduct alleged herein, the Defendants could have reasonably foreseen that Jane Doe's injuries might occur under the circumstances because Defendants:

   a.  Knew or should have known of other instances Defendant Wright's sexual misconduct/harassment and contact towards at least one other minor;

b. Knew or should have known that failing to adequately record and handle complaints of Defendant Wright's sexual misconduct towards residents and/or employees would enable him to continue his pattern of conduct;

c. Knew of should have known that failing to make a mandatory report concerning the alleged behavior of Defendant Wright to the proper authorities would enable him to continue his pattern of conduct; and

d. Knew or should have known allowing Defendant Wright to continue in the position of counselor subjected future residents to abuse and assault;

e. Knew or should have known that allowing Defendant Wright to be alone with female residents provided him with unfettered access to sexually assault, abuse and harass female residents.

138. Despite the above knowledge, administrator Defendants completely failed to protect Jane Doe from Defendant Wright's abuse and failed to discipline or otherwise discourage Defendant Wright from harming Jane Doe.

139. Administrator Defendants breached their respective duties to properly supervise their agents and employees and to intervene effectively to stop the abuse Jane Doe by:

a. Failing to monitor the facility and extracurricular/off site events for sexual abuse;

b. Failing to adequately investigate complaints and/or information that Defendant Wright was engaging in hurtful, wrongful and/or inappropriate acts towards others, including residents;

c. Failing to timely recognize the severity of the abuse/harassment;

d. Failing to properly address the abuse/harassment;

e. Failing to ensure that Jane Doe was provided a safe learning and residential environment free from abuse and misconduct;

f. Failing to comply with its own Protection and Care of the Child policy;

g. Failing to discipline or otherwise discourage the behavior of Defendant Wright;

      h.   Committing acts and omissions that encouraged and enabled continual abuse/harassment of residents by Defendant Wright;

      i.   Ignoring requests of residents and others to address the abusive behavior exhibited by Defendant Wright;

      j.   Failing to implement measures to prevent sexual abuse, even though such measures and the need for such measures have been widely known among juvenile facilities and successfully implemented in other facilities across the United States;

      k.   Failing to properly, timely, and adequately report allegations made to them about Defendant Wright's conduct; and

      l.   Committing other acts and omissions currently unknown to Plaintiff.

140.   As a direct and proximate result of administrator Defendants' negligence and failure to supervise and control the conduct of Defendant Wright, Jane Doe was exposed to foreseeable and known risks of severe physical and emotional injury and was injured physically and emotionally.

141.   Jane Doe has incurred and will incur necessary and reasonable medical expenses, has suffered and will continue to suffer physical pain and mental anguish, and experienced economic hardships, all as a direct and proximate result of Defendants' negligence.

142.   The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

143.   At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant entities, and/or their actions were ratified by the Defendant entities making them vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE Plaintiff seeks judgment in her favor and against Defendants on Count VI of the Complaint, for an award of compensatory damages, for an award of

punitive damages against Defendants, for costs expended, and for such other and further relief as this Court deems just and proper.

## COUNT VII
### Negligent Retention
**(Against Defendant Adair County and Defendant Bruce Normile Juvenile Justice Center)**

144.   Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

145.   Defendants retained defendant Wright as a counselor at the Bruce Normile Juvenile Justice Center.

146.   Defendants had a duty when retaining employees to exercise the care used by reasonable and/or careful facilities to assess a counselor's suitability for his position, including but not limited to, observing a counselor's interaction with residents, and collecting, investigating, and responding to any complaints about the employee.

147.   A reasonable and careful employer would have recognized that a counselor with Defendant Wright's sexually abusive propensities poses a danger to its residents, and would have terminated Defendant Wright's employment in those positions, or would have otherwise provided against the danger he posed to residents.

148.   Defendants were negligent in continuing to employ Defendant Wright after it discovered or reasonably should have discovered defendant Wright's history or on-the-job conduct reflected a propensity for sexual misconduct/abuse and/or harassment.

149.   Defendants' negligence in the retention of Defendant Wright created a foreseeable risk of harm to female residents under Defendant Wright's care and supervision, including Jane Doe.

150.   As a direct and proximate cause of administrator Defendants' negligent retention of Defendant Wright, Jane Doe suffered injuries and damages as outlined above.

151.   The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and

therefore she is entitled to punitive damages from Defendant, to punish it and to deter them and others from engaging in like conduct in the future.

152.    At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of the Defendant entities and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center, and/or their actions were ratified by Defendant entities making them vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff seeks judgment in her favor and against Defendants on Count VII of the Complaint, for an award of compensatory damages and an award of punitive damages against Defendant, for costs expended and for such other relief as this Court deems just and proper.

### COUNT VIII
### Negligent Infliction of Emotional Distress
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center and Administrator Defendants Hall, Williams Goings, and Mills)

153.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

154.    Defendants breached the duty they owed Jane Doe, as alleged in Counts I – VII.

155.    Defendants placed Jane Doe in a situation whereby Defendant Wright was the only chaperone/escort for an offsite outing, thereby subjecting Jane Doe to Defendant Wright's sole authority, supervision, and control.

156.    Defendants failed to adequately supervise Defendant Wright, as alleged above in Count VI.

157.    Defendants should have realized that placing Jane Doe in Defendant Wright's custody and control and failing to thereafter supervise or control the conduct of Defendant Wright involved an unreasonable risk of causing emotional distress, when they knew Defendant Wright had a propensity for sexual misconduct and further by failing to supervise or control the conduct of Defendant Wright.

158.    Defendants should have realized that placing Jane Doe in a situation wherein Defendant Wright was the only counselor and had unfettered access, custody and control of Jane Doe and other female residents, involved an unreasonable risk of causing emotional distress to Jane Doe.

159.    As a direct and proximate result of Defendants' negligence and carelessness, Jane Doe suffered medically diagnosable and medically significant emotional distress.

160.    Jane Doe has incurred damages as the result of Defendants' negligence.

161.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

162.    At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by the Defendant entities, and/or their actions were ratified by the Defendant entities making the them vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count VIII of the Complaint, for an award of compensatory and punitive damages, for costs expended and for such further and other relief as this Court deems just and proper.

### COUNT IX
### Negligence
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, Defendant Hargadine and Defendant Wright)

163.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

164.    As a counselor at the Bruce Normile Juvenile Justice Center Defendant Wright had a duty to possess and use that degree of skill and care ordinarily used by

reasonable and/or careful counselors to protect residents, including Jane Doe from unreasonable risks of harm.

165. Defendant Wright breached his duty by committing acts and omissions of negligence and carelessness, and by failing to meet the requisite standards of due care, skill and practice as required by public entities in their field, including:

      a. Negligently and carelessly engaging in sexually offensive and inappropriate contact with Jane Doe;

      b. Negligently and carelessly committing acts and omissions currently unknown to Jane Doe.

166. As a counselor at Bruce Normile Juvenile Justice Center Defendant Hargadine had a duty to possess and use that degree of skill and care ordinarily used by reasonable and/or careful counselors to protect residents, including Jane Doe from unreasonable risk of harm.

167. Defendant Hargadine breached her duty by committing acts and omissions of negligence and carelessness, and by failing to meet the requisite standards of care, skill and practice as required by public entities in their field including:

      a. Negligently and carelessly placing Jane Doe in a situation wherein Defendant Wright was the only counselor present;

      b. Negligently and carelessly committing acts and omissions currently unknown by Jane Doe.

168. As a direct and proximate result of his negligence, Defendant Wright injured Jane Doe as outlined above.

169. As a direct and proximate result of her negligence, Defendant Hargadine injured Jane Doe as outlined above.

170. Jane Doe suffered damages as a result of Defendants' negligence as outlined above.

171. Defendant Wright's conduct described herein was committed within the course and scope of his agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to them by respondeat superior. Defendant entities are thus liable for all damages described herein.

172. Defendant Hargadine's conduct described herein was committed within the course and scope of her agency and employment with Defendant Adair County

and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to them by respondeat superior. Defendant entities are thus liable for all damages described herein.

173.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count IX of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs expended, and for such other and further relief as this Court deems just and proper.


### COUNT X
### Negligent Infliction of Emotional Distress
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, Defendant Wright and Defendant Hargadine)

174.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

175.    Defendant Wright breached a duty owed to Jane Doe as alleged in Count IX, Negligence.

176.    Defendant Hargadine breached a duty owed to Jane Doe as alleged in Count IX, Negligence.

177.    Defendant Wright committed negligent and tortious acts against Jane Doe, as alleged herein.

178.    At the time of his negligent acts and omissions, defendant Wright knew or should have known that sexual assault/rape of a resident involved an unreasonable risk of causing emotional distress for Jane Doe.

179.    Jane Doe suffered damages as a result of Defendants' negligence as outlined above.

180.    Defendant Hargadine committed negligent actions and/or omissions against Jane Doe as alleged herein, including leaving her under the sole supervision, custody and control of Defendant Wright.

181.    At the time of her negligent acts and commissions, Defendant Hargadine knew or should have known that leaving female residents, including Jane Doe, under the sole supervision, custody and control of Defendant Wright involved an unreasonable risk of causing emotional distress for Jane Doe.

182.    Defendant Wright's conduct described herein was committed within the course and scope of his agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to the defendant entities by respondeat superior. Defendant entities are thus liable for all damages described herein.

183.    Defendant Hargadine's conduct described herein was committed within the course and scope of her agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to the Defendant entities by respondeat superior. Defendant entities are thus liable for all damages described herein.

184.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count X of the Complaint, for an award of compensatory damages, for an award of punitive damages against Defendants, for costs herein expended, and for such other and further relief as this Court deems just and proper.

<u>COUNT XI</u>
**Assault and Battery**
**(Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendant Wright)**

185.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

186.    Defendant Wright attempted and succeeded in causing the immediate apprehension of physical contact in Jane Doe.

187.    Defendant Wright attempted and succeeded in causing offensive and/or harmful physical contact with Jane Doe.

188.    The contact was unlawful, unjustified, and done without Plaintiff's express or implied consent.

189.    This contact would be offensive to a reasonable person.

190.    As a direct and proximate result of Defendant Wright's conduct, he injured Jane Doe as outlined above.

191.    Jane Doe thereby suffered damages.

192.    Defendant Wright's conduct described herein was committed within the course and scope of his agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center, and is thus imputed to them by respondeat superior. Defendants are thus liable for all damages described herein.

193.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count XI of the Complaint, for an award of compensatory damages and an award of punitive damages against Defendants, for costs expended, and for such other and further relief as this Court deems just and proper.

## COUNT XII
### Violation of R.S.Mo § 537.046 – Childhood Sexual Abuse
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center and Defendant Wright)

194.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

195.    Jane Doe is under that eighteen (18) years old.

196.    Defendant Wright intentionally engaged in unpermitted sexual contact with Jane Doe in violation of R.S.Mo. § 566.090.

197.    As a result of the above-described conduct, Jane Doe has suffered, and continues to suffer mental pain and anguish, as a direct and proximate result of Defendant Wright's conduct

198.    Defendant Wright's conduct described herein was committed within the course and scope of his agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to them by respondeat superior. Defendants are thus liable for all damages described herein.

199.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count XII of the Complaint, for an award of compensatory damages and an award of punitive damages against Defendants, for costs herein expended, attorneys' fees and for such other and further relief as this Court deems just and proper.

## COUNT XIII
### Intentional Infliction of Emotional Distress
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center, and Defendant Wright)

200.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

201.    Defendant Wright's conduct was so outrageous in character and so extreme in degree that it was beyond all possible bounds of decency and was atrocious and utterly intolerable in a civilized community.

202.    Defendant Wright's conduct was intended to cause Jane Doe severe emotional distress, or reflected a reckless indifference to the likelihood that it would cause Jane Doe severe emotional distress.

203.    Defendant Wright's conduct was the direct and proximate cause of Jane Doe's emotional distress.

204.    As a result of Defendants' conduct Jane Doe sustained severe emotional distress, mental injury, and/or bodily harm that is medically diagnosable and/or medically significant.

205.    Defendant Wright's conduct described herein was committed within the course and scope of his agency and employment with Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center and is thus imputed to them by respondeat superior. Defendants are thus liable for all damages described herein.

206.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

WHEREFORE, Plaintiff prays for judgment in his favor and against Defendants on Count XIII of the Complaint, for an award of compensatory damages and an award of punitive damages against Defendants, for costs expended, and for such other and further relief as this Court deems just and proper.

## COUNT XIV
## False Imprisonment
### (Against Defendant Adair County, Defendant Bruce Normile Juvenile Justice Center and Defendant Wright)

207.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

208.    In June of 2015 while Defendant Wright was the only counselor in attendance during an offsite outing, Defendant Wright unlawfully and involuntarily detained and restrained Jane Doe against her will.

209.    Defendant Wright's restraint of Jane Doe was unlawful in that defendant Wright had no just cause or excuse for such restraint.

210.    As a direct and proximate cause of Defendant Wright's intentional acts, Plaintiff has suffered compensable damage.

211.    Defendants knew or should have known that Defendant Wright had previously engaged in inappropriate conduct/harassment with female residents and/or employees.

212.    Despite this knowledge, Defendants permitted Defendant Wright to remain in a position of power, authority, and control where he was able to unlawfully restrain Jane Doe.

213.    The authority and control vested in Defendant Wright was a result of Defendant Adair County and/or Defendant Bruce Normile Juvenile Justice Center's retaining Defendant Wright after acquiring knowledge of his propensity to engage in inappropriate conduct with female residents and/or students, and subsequent failure to adequately supervise Defendant Wright, and such authority and control enabled Defendant Wright to perpetrate the unlawful detainment and restraint of Jane Doe.

214.    The Defendant entities failed to discipline and appropriately handle issues involving Defendant Wright after receiving complaints of inappropriate conduct/harassment of female residents and/or employees.

215.    As Defendants failed to adequately investigate and discipline Defendant Wright, the Defendants ratified his past behavior towards female residents.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendants on Count XIV of the Complaint, for an award of compensatory damages and an award of punitive damages against Defendants, for costs expended, and for such other and further relief as this Court deems just and proper.

## COUNT XV
### Sexual Harassment in Public Accommodations in Violation of the Missouri Human Rights Act, R.S.Mo. § 213.010, *et seq.; 213.065* (Against Defendants Adair County, Bruce Normile Juvenile Justice Center, Defendants Hall, Mills, and Wright)

216.    Plaintiff incorporates by reference each and every preceding paragraph as though fully set forth herein.

217.    Defendants' acts and omissions alleged herein are a violation of the Missouri Human Rights Act.

218.    The Bruce Normile Juvenile Justice Center, including the residential treatment portion of the Center, is owned and operated by Adair County and is a place of public accommodation covered by the Missouri Human Rights Act.

219.    The Bruce Normile Juvenile Justice Center offers to the public services, privileges, facilities, advantages, and/or accommodations for the peace, comfort, health, welfare, and safety of the general public by, among others, educating and rehabilitee young citizens of the State of Missouri.

220.    Jane Doe was subjected to sexual harassment and sexual assault and battery by counselor Defendant Wright while a resident at the Bruce Normile Juvenile Justice Center, and while on a center outing.

221.    The sexual harassment, assault and battery occurred on the basis of Jane Doe's sex and gender and constitutes discrimination on the basis of her sex and gender.

222.    Despite having knowledge and notice of the alleged perpetrator's tendencies, sexualized behavior, and likelihood of engaging in such misconduct in the future, Defendants failed to protect Jane Doe and permitted her to be placed in a situation where she was subject to the authority and control of the perpetrator.

223.    Defendants further failed to follow their own policies and procedures, which are intended to prevent the abuse of children such as Jane Doe.

224.    Jane Doe was deprived of the full, free, and equal use and enjoyment of the education, residential treatment, and other services, the right to be secure in her person and free from physical harm, because of her gender.

225.    As a result of the sexual assaults on Jane Doe by Defendant Wright, Jane Doe has experienced emotional distress in the form of anxiety, fear, depression, humiliation, and other manifestations.

226.    The actions and conduct set forth herein were outrageous and showed evil motive, reckless indifference, and/or conscious disregard for the rights of Jane Doe, and therefore she is entitled to punitive damages from Defendants, to punish them and to deter them and others from engaging in like conduct in the future.

227.    At all times mentioned herein, before and after, the above described perpetrators were agents, servants, and employees of the Defendant entities and were at all such times acting within the scope and course of their agency and employment, and/or their actions were expressly authorized by the Defendant entities, and/or their actions were ratified by the defendant entities making the Defendant entities vicariously liable for said actions under the doctrine of respondeat superior.

WHEREFORE, Plaintiff prays for judgment in her favor and against Defendant on Count XV of the Complaint, for an award of compensatory and punitive damages, her reasonable attorney fees, together with costs of suit and for such other relief as is just and proper.

Respectfully Submitted,

**Holman Schiavone, LLC**

/s/ *Anne Schiavone*
Anne Schiavone, MO Bar #49349
Kathleen M. Dunnegan, MO Bar #63992
4600 Madison Avenue, Suite 810
Kansas City, Missouri 64112
Telephone: 816.283.8738
Facsimile: 816.283.8739
Email: aschiavone@hslawllc.com
Email: kdunnegan@hslawllc.com

**And**

**White, Graham, Buckley & Carr, LLC**

/s/*Deborah J. Blakely*
Deborah J. Blakely, MO Bar # 47138
19049 E. Valley View Parkway
Independence, Missouri  64055
Phone: 816.373.9080
Facsimile 816.373.9319
Email: dblakely@wagblaw.com