UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
NORTHERN DIVISION

| | |
|---|---|
| B.A., as Parent and next friend of JANE DOE, a minor,<br><br>    Plaintiff,<br><br>vs.<br><br>2nd JUDICIAL CIRCUIT OF THE STATE OF MISSOURI, et al.,<br><br>    Defendants. | Case No. 2:16 CV 72 CDP |

## **MEMORANDUM AND ORDER**

Plaintiff B.A., as parent and next friend of minor Jane Doe, brings this suit for damages arising from the alleged rape and sexual assault of Jane Doe by defendant Christopher Wright, which allegedly occurred while Doe was at a state-run residential treatment center where Wright worked as a counselor. In addition to Wright, the fifteen-count amended complaint seeks relief against the Second Judicial Circuit, which ran the treatment center, and five other employees at the facility. The claims are brought under 42 U.S.C. § 1983, state tort law, and state statutes, including the Missouri Human Rights Act.

All defendants other than Christopher Wright answered the amended complaint. Wright moves to dismiss the eight counts brought against him for lack of subject-matter jurisdiction under Rule 12(b)(1), Fed. R. Civ. P. Wright, who is

no longer employed by the State, argues that the amended complaint only asserts claims against him in his official capacity and that these claims are barred or limited by the Eleventh Amendment, or should be dismissed as redundant.

The amended complaint alleges that all the individual defendants acted both individually and within the scope of their employment. Because this is a sufficient allegation to show that plaintiff is suing Wright in both his individual and official capacities, I will grant the motion only to the extent it seeks to dismiss the official-capacity claims against Wright, and will deny it as to all the claims brought against him in his individual capacity.

## **Legal Standard**

The purpose of a Rule 12(b)(1) motion is to allow the court to address the threshold question of jurisdiction, as "judicial economy demands that the issue be decided at the outset rather than deferring it until trial." *Osborn v. United States*, 918 F.2d 724, 729 (8th Cir. 1990). The "Eleventh Amendment presents a jurisdictional limit on federal courts in civil rights cases against states and their employees." *Nix v. Norman*, 879 F.2d 429, 431 (8th Cir. 1989); see *Murphy v. State of Ark.*, 127 F.3d 750, 755 (8th Cir. 1997).

Where, as here, the motion to dismiss for lack of subject-matter jurisdiction raises a facial challenge to jurisdiction under Rule 12(b)(1), the court applies the same standards as those for a motion to dismiss under Rule 12(b)(6). *See Titus v.*

*Sullivan,* 4 F.3d 590, 593 & n. 1 (8th Cir. 1993); *Osborn v. U.S.*, 918 F.2d 724, 729 n. 6 (8th Cir. 1990). When considering a 12(b)(6) motion, the court assumes the factual allegations of a complaint are true and construes them in favor of the plaintiff. *Neitzke v. Williams*, 490 U.S. 319, 326–27 (1989). To survive a motion to dismiss, a complaint must contain enough factual allegations, accepted as true, to state a claim for relief "that is plausible on its face." *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544, 570 (2007).

## Discussion

Plaintiff brings eight counts against Wright in the amended complaint. Count I is brought under 42 U.S.C. § 1983 for violation of Doe's Fourteenth Amendment right to equal protection. Counts IX, X, XI, XIII, and XIV are tort claims for negligence, negligent infliction of emotional distress, assault and battery, intentional infliction of emotional distress, and false imprisonment. Count XII is brought under a Missouri state statute for sexual abuse of a minor. Finally, Count XV is brought under the Missouri Human Rights Act (MHRA), Mo. Rev. Stat. § 213.010 *et seq.*, for sexual harassment in places of public accommodation. Plaintiff's amended complaint states that at all times relevant to the counts alleged, Wright was employed by defendant Second Judicial Circuit, a state entity.

Wright reads the amended complaint as only seeking liability against him in his official capacity. Plaintiff responds that all eight counts are brought against

3

Wright in both his individual and official capacities.  Plaintiff points to a paragraph of the amended complaint, which is incorporated into all counts of the complaint and states that Wright acted "both individually and within the scope of his employment."  ECF No. 19 at ¶ 13.  Construing the amended complaint in favor of the plaintiff, as I must on a motion to dismiss, I conclude that the counts brought against Wright are brought in both his individual and official capacities.  Wright is not entitled to dismissal of the individual-capacity claims.

Because the complaint also alleges that Wright acted in his official capacity, I will consider the motion to dismiss as to those claims.  The Eleventh Amendment bars suits against non-consenting states by their own citizens, citizens of other states, citizens of foreign states, or foreign nations.  U.S. Const. Amend. XI; *Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 97-98 (1984).  This bar extends to suits against state officials when the state is the real party in interest.  *Id*. at 101.  In an official capacity suit, the state is considered the real party in interest if the decision would operate against the state treasury, interfere with public administration, or restrain the state from acting.  *Coller v. State of Mo., Dep't of Econ. Dev.*, 965 F.Supp. 1270, 1276 (W.D. Mo. 1997) (citing *Pennhurst*, 465 U.S. at 101).  There is an exception to the Eleventh Amendment immunity bar when the suit alleges unconstitutional acts by the state official in violation of federal law.  *Pennhurst*, 465 U.S. at 101-02 (citing *Ex parte Young*, 209 U.S. 123 (1908)).  In

such a case, the court could award injunctive relief against the official, but not monetary damages. *Id.* at 102-03.

Wright, however, is no longer employed by the state of Missouri. ECF No. 34-1. The court cannot grant injunctive relief concerning an official's future conduct when he is no longer employed by the state. *Coller*, 965 F.Supp. at 1276. Count I will be dismissed against Wright in his official capacity.

All the other counts brought against Wright in his official capacity are also brought against his previous employer, Second Judicial Circuit. Because "a suit against a supervisor in his or her official capacity is treated as a suit against the employer itself," these counts will be dismissed against Wright in his official capacity as duplicative or redundant. *See Veatch v. Bartels Lutheran Home*, 627 F.3d 1254, 1257 (8th Cir. 2010); *Bonenberger v. City of St. Louis*, No. 4:16CV788 PLC, 2016 WL 5341113, at * 2 (E.D. Mo. September 23, 2016); *Coller*, 965 F.Supp. at 1275.[1]

Accordingly,

**IT IS HEREBY ORDERED** that defendant Christopher Wright's Motion to Dismiss [ECF No. 28] is granted in part and denied in part. Counts I, IX, X, XI,

---

[1] Plaintiff cites *Bergfeld v. Board of Election Commissioners for City of St. Louis*, No. 4:06CV1025 DDN, 2007 WL 5110310 (E.D. Mo. April 5, 2007), in an attempt to argue that the dismissal of claims as duplicative applies to claims brought under Title VII but not the MHRA. This argument is misplaced because the *Bergfeld* court only allowed claims brought under the MHRA to proceed as to individual liability, not official capacity claims. *Id*. at *3.

XII, XIII, XIV, and XV are dismissed against Christopher Wright in his official capacity only, but the counts remain pending against Wright in his individual capacity.

_____
CATHERINE D. PERRY
UNITED STATES DISTRICT JUDGE

Dated this 11th day of January, 2017.